UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SIERRA CLUB, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>BP PRODUCTS NORTH AMERICA INC., )<br>)<br>*Defendant*. )<br>) | Case No. 2:19-cv-00337-PPS-JEM |

**JOINT STIPULATIONS OF SETTLEMENT**

Plaintiff Sierra Club and Defendant BP Products North America Inc. ("BP") (collectively, the "Parties") respectfully submit these Joint Stipulations of Settlement.

On September 6, 2019, Sierra Club filed its Complaint [DE 1] in this action, which alleged violations of specific conditions of BP's Title V operating permit under the federal Clean Air Act, 42 U.S.C. § 7401 *et seq.*, at Whiting Refinery, located in Lake County, Indiana. On April 14, 2021, the Court granted summary judgment as to the issue of BP's liability for several of the violations alleged [DE 48]. On June 21, 2021, the Court referred this matter to Magistrate Judge John E. Martin for a settlement conference [DE 54].

On September 1, 2022, the Parties informed Magistrate Judge Martin that they had reached an agreement to resolve this matter without the need for further litigation and orally moved for a stay of proceedings until December 12, 2022, which Magistrate Judge Martin granted [DE 62]. The Parties further informed Magistrate Judge Martin that they would file Joint Stipulations with the Court no later than September 15, 2022, which incorporate the terms of this agreement. As stipulated and reflected in Magistrate Judge Martin's September 1 order, the

1

Parties expect that the terms of this agreement will be fully performed, and a joint motion to dismiss this action subsequently filed, by no later than December 12, 2022.

Therefore, it is stipulated by and between the undersigned parties, through their respective counsels, as follows:

1. Pursuant to 42 U.S.C. § 7604(c)(3) of the Clean Air Act, the Parties' Joint Stipulations have been forwarded to the United States Department of Justice ("U.S. DOJ") and to the United States Environmental Protection Agency ("EPA"), concurrently with the filing of these Joint Stipulations with the Court, for the statutorily mandated forty-five (45) day review period. The Parties shall promptly notify the Court if either party receives notice of objection.

2. Assuming there has been no objection by U.S. DOJ or EPA, upon the expiration of the statutorily mandated forty-five (45) day review period the Parties shall jointly move this Court to enter a proposed order (to be submitted with the motion) approving the Joint Stipulations and requiring that the Parties meet the terms thereof.

3. Upon the Court's entry of an order approving the Joint Stipulations and requiring that the Parties meet the terms thereof and within fifteen (15) days after receiving payment instructions from the United States, BP shall remit $1.75 million in civil penalties to the U.S. Treasury special fund as described in the payment instructions and as established pursuant to 42 U.S.C. § 7604(g)(1).

4. By no later than fifteen (15) days after the Court enters the order approving the Joint Stipulations, BP shall remit a total of $1.0 million to third parties for the purpose of implementing specific supplemental environmental projects ("SEPs") that have been agreed upon by the Parties, subject to following conditions:

a. $500,000 shall be provided to the Student Conservation Association ("SCA"), which is a national non-profit organization that organizes tree-planting on an annual basis in Northwest Indiana. SCA will define the project to be funded. Potential projects may include landscaping near roadways around Whiting Refinery and community access roads to Lake Michigan, Wolf Lake, and Lost Marsh Golf Course.

b. $500,000 shall be provided to the Hammond and/or East Chicago school districts for the purchase, installation, and replacement of indoor air filtration devices in classrooms and other areas inside school buildings. The total amount to be expended at either one or both school systems combined under this paragraph shall not exceed $500,000.

c. SCA and the Hammond and/or East Chicago school districts shall be responsible for the administration and execution of the SEPs. The SEPs shall be contingent on the completion of separate requests for funding by SCA and the Hammond and/or East Chicago school districts, which requests shall define the scope, timing, and objective of each project. These requests for funding shall be subject to review and approval by BP and Sierra Club. Each request for funding shall require that each SEP be completed no later than January 1, 2025, followed by submission of a final written report to BP and Sierra Club certifying that the funds were expended for the purposes defined in their respective request for funding.

d. Any amount not disbursed for SEPs within ninety (90) days after the Court enters an order approving the Joint Stipulations, as provided for by paragraphs a. through c. above, will be paid to the U.S. Treasury special fund established

pursuant to 42 U.S.C. § 7604(g)(1) pursuant to the terms of the payment instruction letter described in paragraph 3 above. This payment to the U.S. Treasury shall not exceed $1.0 million.

5. The Parties have reached an agreement regarding attorney's fees and costs incurred by Plaintiff in litigating this matter. BP shall transmit the amount agreed upon to Sierra Club Hoosier Chapter within fifteen (15) days of this Court's order approving the Joint Stipulations.

6. Within one (1) week of Sierra Club Hoosier Chapter's confirmation that the payments of fees and expenses specified in paragraphs 3, 4, and 5 have been fully processed and received, the Parties shall file a joint motion to dismiss Sierra Club's Complaint with prejudice and terminate the pending lawsuit.

   a. The dismissal of the Complaint and termination of the pending lawsuit shall resolve the claims for the specific violations alleged in the Complaint.

   b. Dismissal of Sierra Club's Complaint will not affect Sierra Club's right to exercise its legal rights, consistent with federal law and applicable regulations, to review, comment upon, or challenge any provision of BP Whiting's Clean Air Act Title V operating permit, including provisions related to the revised permit conditions for Whiting Refinery established by Significant Permit Modification 089-43173-00453 (June 2, 2021), or BP's right to oppose the withdrawal of any permit approvals granted by the Indiana Department of Environmental Management or any permit revisions sought by Sierra Club.

7. The Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Joint Stipulation until the Parties have filed a joint motion to dismiss as

described in paragraph 6. The Parties shall file a joint status report with the Court if the Parties have not filed a joint motion to dismiss by December 12, 2022.

  IT IS SO STIPULATED by the undersigned parties, through their respective counsel(s).

**FOR PLAINTIFF SIERRA CLUB**

Dated: September 15, 2022    */s/ Sanghyun Lee*
  Sanghyun Lee
  Environmental Integrity Project
  1000 Vermont Avenue NW, Suite 1100
  Washington, DC 20005
  (202) 263-4441
  SLee@environmentalintegrity.org

  *Counsel for Plaintiff*

**FOR DEFENDANT BP PRODUCTS NORTH AMERICA INC.**

Dated: September 15, 2022    */s/ E. Sean Griggs*
  E. Sean Griggs
  Barnes & Thornburg LLP
  11 South Meridian Street
  Indianapolis, IN 46204
  (317) 231-7793
  Sean.Griggs@btlaw.com

  *Counsel for Defendant*